**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **RANDALL ALLAN COUNTS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:23-CV-00333-JDK-** |
| | § | **JDL** |
| **v.** | § | |
| | § | |
| **BARBRA NEAL, BOBBY LUMPKIN,** | § | |
| **LAMORRIS MARSHALL, BANKOLE** | § | |
| **ADENIRAN,** | § | |
| | § | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 6, 2023, Plaintiff Randall Allan Counts, an inmate presently confined in the Texas Department of Criminal Justice, Wainwright Unit, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging various violations of Plaintiff's constitutional rights in prison. (Doc. No. 1.) The original complaint names as Defendants Barbra Neal, Bobby Lumpkin, LaMorris Marshall, and Bankole Adenira. (Doc. No. 1.) On November 13, 2023, Plaintiff filed an amended complaint which omits Defendant Neal. (Doc. No. 12.) This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Doc. No. 3.)

**BACKGROUND**

Plaintiff's amended complaint states that while confined at the Michael Unit in Tennessee Colony, Texas, Seargent Bankole Adeniran, Assistant Warden LaMorris Marshall, and Director Bobby Lumpkin violated Plaintiff's constitutional rights by keeping her in administrative segregation because she identifies as a transgender woman. Regarding Sergent Adeniran, Plaintiff

1

contends that on May 17, 2023, Adeniran had Plaintiff confined in administrative segregation based on a false disciplinary case that was eventually dropped. (Doc. No. 12, at 4.) Plaintiff also claims that at some point in the past, Adeniran had told Plaintiff, "I am gone [sic] get you seg[.] I am tired of dealing with you." *Id.* Plaintiff asserts that she has been in administrative segregation for over five months and has been denied food, showers, and recreation. *Id.*

After her disciplinary case was dismissed on June 20, 2023, Plaintiff claims that she wrote several grievances to Warden Marshall and the unit classification committee, notifying them that she should no longer be in administrative segregation. *Id.* at 6. Plaintiff alleges that Marshall either did not respond to her grievances or gave her the runaround. *Id.* Plaintiff also claims that at some point in the past Marshall had told Plaintiff, "I hate you sissy transgenders[.] This is a man's prison[,] not for want [sic] to be women." *Id.*

With respect to Director Lumpkin, the complaint identifies Director Lumpkin as a Defendant but does not make any specific allegations against him except to say that "Sgt. Adeniran, Warden Marshall, [and] Mr. Lumpkin are violat[ing] my 8th Amendment [sic] for holding me in Admin Seg for no reason but [to] torture me mental[ly] and emotionally for having the false disciplinary case dismissed and being open in expressing myself as a women [sic]." *Id.*

Regarding Barbra Neal, although she was named as a Defendant in the original complaint, Defendant Neal is not mentioned in the amended complaint. (Doc. No. 12.) In a letter received by the court on March 18, 2024, Plaintiff confirmed that she intended to omit Neal from the amended complaint. (Doc. No. 16.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks

redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis* ("IFP"). *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] indicates that it applies to any suit by a prisoner . . . regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8 (To state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought"). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants,

"conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

### I.    Barbra Neal

Although Barbra Neal was named as a Defendant in the original complaint, Defendant Neal is not mentioned in the amended complaint. (Doc. No. 12.) In a letter received by the court on March 18, 2024, Plaintiff confirmed that she intended to omit Neal from the amended complaint. (Doc. No. 16.) An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). As it appears that Plaintiff no longer desires to assert a claim against Defendant Neal in this action, dismissal is appropriate. As no responsive pleading has been filed in this action yet, the court construes Plaintiff's amended complaint as a notice of voluntary dismissal of her claims against Defendant Neal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

### II.    Eleventh Amendment Immunity

Plaintiff does not state whether she is suing Defendants in their official or individual capacities. To the extent that Plaintiff is suing Defendants in their official capacities, the Eleventh Amendment generally bars individuals from suing a state in federal court. *McKinley v. Abbott*, 643 F.3d 403, 405 (5th Cir. 2011). When a plaintiff sues state officials in their official capacity, he is, in effect, suing the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, claims against state

officials in their official capacity are also barred by the Eleventh Amendment unless an exception exists, such as when the state consents to the suit or the plaintiff seeks prospective injunctive relief instead of monetary damages. *See McKinley*, 643 F.3d at 405–06 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Here, Plaintiff seeks relief against Defendants in the form of monetary damages for mental and emotional harm. (Doc. No. 12, at 6.) However, TDCJ has not consented to this lawsuit. Thus, Defendants retain Eleventh Amendment immunity from monetary claims in their official capacities. As such, the court lacks jurisdiction to adjudicate Plaintiff's claims against Defendants in their official capacities to the extent that Plaintiff seeks monetary damages. *See* Fed. R. Civ. P. 12(b)(1); 28 U.S.C. 1915A(b)(2) (the court shall dismiss a prisoner's complaint if the plaintiff seeks "monetary relief from a defendant who is immune from such relief").

### III.    Mootness of Injunctive Relief

Plaintiff is also seeking prospective injunctive relief in the form of transfer out of administrative segregation. (Doc. No. 12, at 3.) However, on December 11, 2023, Plaintiff filed a notice with the court stating that she had been transferred from the Michael Unit to the Wainright Unit. (Doc. No. 13.) Thus, Plaintiff's request for injunctive relief based upon her confinement in administrative segregation at the Michael Unit is now moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (removal of an inmate from a prison facility, whether by transfer or release, generally renders the inmate's claims for injunctive relief at that facility moot); *see also Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Weathington v. United States*, 694 F. App'x 966, 967 (5th Cir. 2017). To the extent that Plaintiff is seeking monetary damages against Defendants in their individual capacities, the court will discuss those claims below. *See McKinley*, 643 F.3d at 405–06 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

## IV.    Director Lumpkin

Plaintiff has sued TDCJ Director Bobby Lumpkin for mental and emotional abuse related to Plaintiff's confinement in administrative segregation. However, Plaintiff does not identify what role, if any, Director Lumpkin had in Plaintiff's confinement in administrative segregation. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (Personal involvement is a perquisite to recovery under § 1983). In fact, Plaintiff does not allege any facts against Director Lumpkin at all except to name him in the complaint. *See Miguel v. Cochran*, No. 5:20-CV-041-BQ, 2020 WL 7700631, at *5 (N.D. Tex. Nov. 25, 2020), *report and recommendation adopted sub nom. San Miguel v. Cochran*, No. 5:20-CV-041-C-BQ, 2020 WL 7698759 (N.D. Tex. Dec. 28, 2020) (dismissing inmate's 1983 claim against prison official where complaint failed to delineate prison official's involvement in the alleged violations). Plaintiff's complaint therefore fails to state a claim for a constitutional violation against Director Lumpkin. *See* Fed. R. Civ. P. 12(b)(6).

Additionally, to the extent that Plaintiff intended to sue Director Lumpkin in his role as director of TDCJ for the actions of the other named Defendants as discussed herein, the doctrine of *respondeat superior* does not apply to § 1983. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Under 42 U.S.C. § 1983, supervisory officials are not liable for a subordinate's actions on any vicarious liability theory. *Id.* Accordingly, any claims against Director Lumpkin fail on the pleadings.

## V.    Sergeant Adeniran & Assistant Warden Marshall

Plaintiff lays the blame for her current confinement in administrative segregation at least partially on what she alleges was a "false disciplinary case" initiated by Sergeant Adeniran. (Doc. No. 12, at 4.) The Step 1 Grievance Plaintiff filed with her complaint states that Sergeant Adeniran "threatened to write me a false case for tampering [with] a locking mechanism if I didn't tell him

who initially opened the section door he saw me walk through." (Doc. No. 12-1, at 1.) Plaintiff asserts that the claim against her for tampering with the door lock was later dismissed but that she was not released from administrative segregation. (Doc. No. 12, at 6.) Plaintiff also claims that Warden Marshall contributed to her prolonged confinement in administrative segregation by failing to respond to her multiple grievances. Plaintiff alleges that she has been subjected to emotional harm in administrative segregation as a result of Adeniran's and Marshall's conduct. *Id.* at 4.

     *a.  Procedural and Substantive Due Process Claims*

Plaintiff asserts that Warden Marshall failed to respond to her grievances, delaying her release from administrative segregation. To the extent that Plaintiff is raising a procedural due process claim, an inmate does not have a constitutional right to a grievance procedure. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). Further, there is no federally protected liberty interest in having grievances resolved to an inmate's satisfaction. *See Geiger*, 404 F.3d at 374 (because "[plaintiff] does not have a federally protected liberty interest in having [her] grievances resolved to [her] satisfaction . . . any alleged due process violation arising from the alleged failure to investigate [her] grievances is indisputably meritless"). Accordingly, this claim should be dismissed for failure to state a claim for relief.

Plaintiff asserts that Sergeant Adeniran instituted a false disciplinary case against her which resulted in her confinement in administrative segregation. To the extent that Plaintiff is raising a due process claim related to her disciplinary hearing, "[a] claim that a prisoner was improperly charged with things he did not do, standing alone, does not state a due process claim." *Harris v. Smith*, 482 F. App'x 929, 930 (5th Cir. 2012) (internal citation and quotation marks omitted); *see*

*also Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations.").

Further, Plaintiff has not otherwise shown the existence of a liberty interest requiring due process. Administrative segregation is not a basis for a substantive due process claim unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). The court generally considers the severity and duration of the restrictive conditions in determining whether those conditions are "atypical." *Id.* at 854. Federal courts are particularly concerned with indefinite placement in restrictive housing. *See, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005); *Wilkerson*, 774 F.3d at 856 (explaining that solitary confinement at the prison was "effectively indefinite" as a result of "rote repetition").

Here, Plaintiff claims that she has been confined in administrative segregation for five months and that she has been denied food, showers, and recreation. (Doc. No. 12, at 4.) However, Plaintiff acknowledges that she has had at least one classification status review hearing in that five-month period, *see Luken v. Scott*, 71 F.3d 192, 194 (5th Cir. 1995) (assuming no due process violation where custodial status is subject to periodic review), and Plaintiff's conclusory description of the conditions of her confinement does not otherwise indicate that she has been subjected to the type of unusual hardship which might give rise to a liberty interest. *Cf. Wilkinson*, 545 U.S. at 224 (stating placement in a supermax facility with minimal human contact, constant light in the cells, and limit to 1 hour of exercise per day in a small indoor room gave rise to a liberty interest because the confinement was indefinite and placement in supermax disqualified otherwise eligible inmates for parole consideration). Accordingly, this claim should be dismissed for failure to state a claim for relief.

### b. *Eighth Amendment Claims*

To the extent that Plaintiff is raising an Eighth Amendment claim regarding the conditions of her confinement, the facts alleged in the complaint fail to rise to the level of a constitutional violation. To establish an Eighth Amendment conditions of confinement claim based on deliberate indifference, Plaintiff must show that (1) a prison official exposed Plaintiff to a sufficiently substantial risk of serious harm, and (2) the prison official acted with deliberate indifference to that substantial risk of serious harm. *Burleson v. Texas Dep't of Crim. Just.*, 393 F.3d 577, 589 (5th Cir. 2004). To show deliberate indifference, Plaintiff must demonstrate that (1) the prison official was aware of facts from which an inference of excessive risk of harm could be drawn, and (2) the prison official actually drew that inference. *Id.*

Regarding Sergeant Adeniran, the complaint fails to allege facts suggesting that Adeniran is directly responsible for Plaintiff's continued confinement. Adeniran allegedly made the initial accusation against her. But as noted above, Plaintiff acknowledges that she was seen by the state classification committee at least once since her initial confinement in administrative segregation, and the committee decided that Plaintiff should remain in administrative segregation based (at least in part) on two unrelated disciplinary charges against her. (Doc. No. 12, at 6.) As such, the argument that Adeniran is responsible for keeping Plaintiff in administrative segregation is too attenuated to state a colorable claim for relief. *See Burleson*, 393 F.3d at 589 (deliberate indifference requires an official act or omission and a culpable mental state); *Thompson*, 709 F.2d at 382 (Personal involvement is a perquisite to recovery under § 1983).

Regarding Warden Marshall, even assuming Marshall is at least partially responsible for Plaintiff's continued confinement in administrative segregation, Plaintiff does not allege sufficient facts to show that she was subjected to a substantial risk of serious harm. *See Brumley v. Livingston*,

459 F. App'x 470, 472 (5th Cir. 2012) (Prisoner "failed to state an Eighth Amendment claim based on the denial of food, recreation, and showers because he failed to properly allege that he was subjected to a substantial risk of harm."). The deprivation of food violates the Eight Amendment only if its amount or duration is so severe as to deny a prisoner of the "minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998). For instance, in *Talib*, the Fifth Circuit held that failing to provide a prisoner one out of every nine meals over a five-month period did not rise to the level of a constitutional violation. *Id.* Even two meals a day may be adequate. *Green v. Ferrell*, 801 F.2d 765, 770–71 (5th Cir. 1986). Similarly, the denial of showers or recreation does not state a claim under the Eighth Amendment unless its duration is sufficiently severe. *See Brumley*, 2010 WL 3169353, at *6 (citing *Vinson v. Texas Board of Corrections*, 901 F.2d 474, 475 (5th Cir. 1990)); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (disabled prisoner sufficiently alleged Eighth Amendment violation where he was unable to bathe for several months, and prison officials were aware of his needs bit deliberately ignored them); *Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) (dismissing conditions of confinement claim where denial of recreation was not for extended period of time).

Here, Plaintiff does not allege sufficient facts to suggest that the deprivation of food, showers, or recreation was sufficiently severe in amount or duration to rise to the level of a constitutional violation. Indeed, Plaintiff does not identify any specific instances where she was denied food, showers, or recreation while in administrative segregation. Further, Plaintiff has not alleged any physical harm related to any of the deprivations, that she lost weight, or that her health was put at risk. *See Clark v. Waddell*, No. 7:22-CV-00059-M-BP, 2023 WL 8605313, at *9 (N.D. Tex. Nov. 15, 2023), *report and recommendation adopted*, No. 7:22-CV-00059-M-BP, 2023 WL 8606778 (N.D. Tex. Dec. 12, 2023); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (stating

a "physical injury" under § 1997e(e) need not be significant but must be more than *de minimis*). Accordingly, Plaintiff has failed to state an Eighth Amendment claim against Sergeant Adeniran or Warden Marshall regarding the conditions of her confinement.

Further, to the extent that Plaintiff is raising an Eighth Amendment claim regarding the discriminatory statements allegedly made by Warden Marshall, verbal abuse alone is not actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citing *Siglar*, 112 F.3d at 193.

c.  *Equal Protection Claims*

To the extent that Plaintiff is raising an equal protection claim based on her confinement in administrative segregation, the facts alleged in the complaint fail to rise to the level of a constitutional violation. To state a claim for discrimination under the Equal Protection Clause, a plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).

Regarding Sergeant Adeniran, Plaintiff has not alleged any facts showing that Adeniran has singled Plaintiff out for disparate treatment or otherwise evinced a discriminatory motive. Thus, Plaintiff's allegation that Adeniran targeted Plaintiff because she is transgender is conclusory and fails to state a claim. Regarding Warden Marshall, Plaintiff claims that at some point in the past, Marshall told Plaintiff, "I hate you sissy transgenders[.] This is a man's prison[,] not for want [sic] to be women." (Doc. No. 12, at 6.) However, a discriminatory motive alone is not sufficient. Plaintiff must also allege that she was treated differently from other similarly situated prisoners and that the disparate treatment stems from the discriminatory intent. *See Priester*, 354 F.3d at 424.

Plaintiff has not alleged facts showing that Marshall's alleged prior statement is in any way connected to Plaintiff's confinement in administrative segregation, either by temporal proximity or other means. Indeed, Plaintiff's complaint acknowledges that her continued confinement in administrative segregation was determined by the custody classification committee based in part on two unrelated disciplinary charges. Accordingly, this claim should be dismissed for failure to state a claim for relief.

> ### d.  No Physical Injury

Last, the court notes that Plaintiff has not alleged any physical injury stemming from her confinement in administrative segregation. Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, absent a showing of physical injury, Plaintiff cannot recover compensatory damages. *Herman v. Holiday*, 238 F.3d 660, 665–66 (5th Cir. 2001). However, for the reasons discussed above, even if Plaintiff had alleged a physical injury, her claims against Defendants Adeniran and Marshall would still be subject to dismissal for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

## VI.  Amendment

Traditionally, district courts are required to allow a *pro se* plaintiff the opportunity to amend her complaint or claim before dismissing the case. However, as Plaintiff has already amended her complaint and has pleaded her "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem.) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Therefore, the court declines to afford Plaintiff an additional opportunity to amend her complaint.

## CONCLUSION

Having conducted a screening pursuant to section 1915A, the court **RECOMMENDS** that the claims against Defendants in their official capacities be **DISMISSED** without prejudice for lack of jurisdiction, and that Plaintiff's claim for injunctive relief be **DISMISSED** as moot. The court **FURTHER RECOMMENDS** that the claims against Defendants Lumpkin, Adeniran, and Marshall in their individual capacities be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff's claims against Defendant Neal should be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 10th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE